## Case No. 3,919.

### DINGEE v. BECKER.

[9 N. B. R. 508.][1]

District Court, W. D. Pennsylvania. May, 1874.

BANKRUPTCY—EFFECT OF PROVING DEBT.

Proving a debt in bankruptcy does not of itself operate as an absolute extinguishment or satisfaction of the debt. If the bankrupt's discharge is refused, the creditor who has proved his debt is remitted to his former rights and remedies.

[Cited in Re Sweet, 36 Fed. 762.]
[See note at end of case.]

THAYER, District Judge. The plaintiff obtained a judgment against the defendant in the year 1862. The defendant was adjudged a bankrupt on September 3d, 1869. The plaintiff proved his debt in bankruptcy. The defendant has never obtained any discharge and there seems to have been unreasonable delay on his part in endeavoring to obtain it. Under these circumstances the plaintiff issued the present execution, and the defendant has moved to set it aside. Upon the argument it was strenuously maintained by the

---

[1] [Reprinted from 9 N. B. R. 508, by permission.]

defendant's counsel, that the plaintiff having proved his debt in bankruptcy, is forever precluded by section 21 of the bankrupt act [of 1867 (14 Stat. 526)] from pursuing the defendant at law. Proof of the debt, it was argued, operates under the statute as a complete satisfaction and discharge of the debt, whether the bankrupt be discharged or not. The section referred to enacts that, "No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt, and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby; and no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt until the question of the debtor's discharge shall have been determined, and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge; and provided, also, that if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed as aforesaid." If this section of the act stood alone it would be difficult to avoid the conclusion insisted upon by the defendant, viz., that the creditors who prove their debts are thereby absolutely and forever precluded from making any further claim claim upon the bankrupt for the same cause, and from maintaining any suit at law against him for it, or issuing any execution against him to collect it. And that result would follow without regard to the issue of the proceedings in bankruptcy. Whether the defendant obtained his discharge or not the claim of the proving creditor would be absolutely extinguished, and he could, under no circumstances, demand anything but his dividend out of the bankrupt's estate. But in interpreting a statute we are to examine the whole of it in order to determine its meaning and effect, and not a particular part of it. We are to collect its meaning, not from one section, but from the whole instrument—"ex antecedentibus et consequentibus." Every part of it is to be brought into action in order to collect from the whole one uniform and consistent sense.

Applying this fundamental rule of interpretation to the bankrupt law, it is quite impossible to give to the twenty-first section the unqualified effect which the defendant's counsel attributes to it. By the twenty-ninth section, which regulates the bankrupt's discharge, notice is required to be given of the bankrupt's application for a discharge to all creditors who have proved their debts. They are to be required to appear on a day appointed for the purpose and show cause why a discharge should not be granted to the bankrupt. If they can show the bankrupt has been guilty of either of the disqualifying acts therein mentioned his discharge is to be refused. By the thirty-first section such creditors may have an issue awarded to try the facts upon which their opposition to the discharge is based. By the thirty-fourth section creditors who have proved their debts, or whose debts were provable, may contest the validity of a discharge which has been already granted, on the ground that it was fraudulently obtained, and if, upon the hearing, the fraud is found, judgment shall be given in favor of said creditors, and the discharge of the bankrupt shall be set aside and annulled. Now for what purpose are creditors who have proved their debts to be notified of the bankrupt's application for a discharge, and given an opportunity to oppose it, if their claims upon the bankrupt are not to be affected by his discharge? If their claims are barred by having proved their debts, whether the bankrupt be discharged or not, of what avail is it to oppose his discharge? And why are they permitted to apply to the court to annul a discharge obtained by fraud, if they are not to be affected by the result? And what kind of a judgment is that which is to be given in favor of such creditors if it be a judgment which leaves their claims satisfied and extinguished, while it annuls the discharge? Such an interpretation of the act is altogether inconsistent with its provisions. That which extinguishes the bankrupt's debts, whether they be proved or only provable, is his discharge. His release is entirely dependent upon that. This results not only from a comparison of the various provisions of the act, but is the necessary conclusion from the language of that portion of it which declares the effect of the proceedings in bankruptcy upon the bankrupt's debts. "A discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities and demands, which were, or might have been, proved against his estate in bankruptcy." Section 34. It is the discharge which he is to plead. Id. And it is the certificate of discharge which is to be "conclusive evidence in favor of such bankrupt." Id. The whole scheme of the law and its several provisions examined in detail show conclusively that if the bankrupt's application for a discharge is refused, all the creditors, as well those who have proved their debts as those who have not, are remitted to their former rights and remedies.

What, then, is the meaning of the strong language used in the twenty-first section of the act, relative to creditors who have proved their debts? Taking the whole act together and collecting its meaning from all its parts, the only construction which will reconcile the

several parts, and which will bring the whole into unity and conformity is, that creditors who have proved their claims are temporarily barred during the pendency of the proceedings in bankruptcy from pursuing their claims against the bankrupt in any other forum. We do not now consider the creditors' rights in regard to the enforcement of specific lien, but so far as concerns their personal claims against the bankrupt they are conditionally discharged and surrendered. By submitting themselves to the jurisdiction and becoming parties to the proceedings they have precluded themselves from proceeding against the bankrupt in any other manner without the leave of the court which has acquired jurisdiction of their claims. They must await the result of the bankrupt's application for his discharge. If it is refused they are then free to pursue their claims by other means and in other tribunals. If the bankrupt unreasonably delays his application for a discharge, or is guilty of laches in his efforts to bring it to a conclusion, the creditor who has proved his debt is still incapable of proceeding elsewhere without the permission of the court of bankruptcy. In such a case he must speed the proceedings in bankruptcy himself, and obtain a decision of the bankrupt's application, or if the bankrupt refuses to make it, or is negligent in prosecuting it, the proving creditor must obtain leave of that court to proceed to collect his debt by due course of law. Until the question of the bankrupt's discharge is determined, he cannot, without the permission of the court of bankruptcy, seek redress in another jurisdiction. If he has obtained a judgment against the bankrupt, it is, so far as the other creditors are concerned, discharged and surrendered, and he can come in on the bankrupt's estate only pro rata with them. But so far as the bankrupt himself is concerned it remains in abeyance to await the result of his application for a discharge.

On the other hand, the creditor who has not proved his debt has no status in the court of bankruptcy. He has never submitted himself to its jurisdiction, and his right to proceed is no further affected than it is affected by the restraining words of the statute. But this restraint is, by the very terms of the statute, subject to a condition, and that condition is, that the restraint shall not exist if the bankrupt does not use reasonable diligence to obtain his discharge. "No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or equity therefor against the bankrupt until the question of the debtor's discharge shall have been determined, and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." Section 21. But the suit can only be stayed by

the court in which it is pending, and only upon the condition that there has been no unreasonable delay on the part of the bankrupt. In the case, therefore, of a creditor who has not proved his debt, there is no reason for sending him into the court of bankruptcy to apply for permission to proceed. If there has been unreasonable delay the proceedings in bankruptcy do not arrest his suit, and he has a right to proceed which he has not surrendered by any act of his, and which the law has not taken away from him. Indeed, it is very doubtful whether he could be heard at all in the court of bankruptcy upon any such application until he had proved his debt. In such a case, therefore, the question of unreasonable delay must necessarily be a question to be determined by the court in which the creditors' action is pending, the court which is called upon to stay the suit. In the present case the plaintiff, having made himself a party to the proceedings in bankruptcy by proving his debt there, could not lawfully pursue the bankrupt by an execution from this court for the same debt while the defendant's application for a discharge was pending there. If there has been unreasonable delay his remedy is in the court of bankruptcy, which, by his own act, has acquired complete and exclusive jurisdiction of his rights. He must go there to remove the impediment which he has placed in his own path before he can proceed here. Rule absolute.

[This case, reported as above in 9 N. B. R. 508, was a state decision in the district court, county of Philadelphia. See 31 Leg. Int. 156.]