### In re SWEET.

(*District Court, N. D. New York.* December 6, 1888.)

**BANKRUPTCY — PROTECTION OF BANKRUPT — STAY OF EXECUTION—LACHES.**
Under Rev. St. U. S. § 5106, providing that suits against a bankrupt shall be stayed pending his application for discharge, "provided there is no unreasonable delay on the part of the bankrupt," such a stay will not be granted when the application for discharge has been pending without action by the bankrupt for more than eight years.

In Bankruptcy.

Motion to stay proceedings on a judgment against the bankrupt pending his application for discharge. Rev. St. U. S. 5106, provides that "no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit therefor against the bankrupt, until the question of the debtor's discharge shall have been determined, and any such suit shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge."

*Tracy C. Becker*, for the motion.
*W. E. Willey*, contra.

Coxe, J. On the 31st of August, 1878, David W. Sweet filed his petition in bankruptcy, and on the same day was duly adjudicated a bankrupt. On the 12th of April, 1880, he filed a petition for a discharge. Since that date no proceedings of any kind have been taken. On the 28th of January, 1879, John M. Hammond recovered a judgment in the supreme court of the state against the bankrupt. On the 11th of February thereafter this judgment, which was *ex contractu*, was proved against the bankrupt's estate. On the 4th of October, 1888, application was made for leave to issue execution on this judgment. The application was granted by the state court, and a levy was made. The present motion is to restrain the proceedings under this levy until the question of the bankrupt's right to a discharge is determined. The motion is opposed by the judgment creditor upon the ground that the bankrupt has been guilty of inexcusable laches. I am constrained to hold that this objection is well taken, and that, under the provisions of section 5106 of the Revised Statutes, there has been "unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." Ten years have elapsed since the adjudication, and eight and a half years since the petition for a discharge was filed. Since then the proceedings have remained in a profound and unbroken slumber, with no effort to revive them on the part of the bankrupt or any other person. No reason is given, and no excuse is offered, for this extraordinary delay. After an extended examination I can find no precedent for a stay in such circumstances. Indeed, the authorities seem to be well-nigh unanimous, in all cases where the objection has been duly taken, that a much shorter delay than appears in the case at bar is fatal to the discharge. *In re Harrison*, 22 Fed. Rep. 528; *In re Kelly*, 3 Fed. Rep. 219; *In re Wolfe*, 10 Fed. Rep. 383; *Greenwald v. Appell*, 17 Fed. Rep. 140; *Dingee v. Becker*, 9 N. B. R. 508. In *Harrison's Case, supra*, it was held that, "where six years have been allowed to elapse by the attorney of a bankrupt without obtaining his discharge, such negligence will be imputed to the bankrupt, and he will be held responsible for such delay, and, on motion of his creditors, the proceedings may be dismissed." It follows that the motion must be denied.